1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TONG HE

,

Plaintiff(s),

v.

KRISTI NOEM, Secretary of the
Department of Homeland Security;

TODD LYONS, Acting Director of
Immigration and Customs Enforcement; ,

Defendant(s).

CASE NO. _____

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Tong He   6113 9th St NE Tacoma WA 98422, Phone: 4082013045

Email:   hetong1900@gmail.com

Plaintiff Tong He, appearing pro se, respectfully submits this complaint for declaratory and

injunctive relief against Defendants Kristi Noem, Secretary of the Department of

Homeland Security, and Todd Lyons, Acting Director of Immigration and Customs Enforcement.

___

I. INTRODUCTION

In early April 2025, the U.S. Department of Homeland Security ("DHS"), through U.S. Immigration and Customs Enforcement ("ICE"), initiated a sweeping and unprecedented wave of Student and Exchange Visitor Information System ("SEVIS") terminations against hundreds if not thousands of international students with F-1 visas across the country. SEVIS is a web-based system used by DHS to track and monitor information about nonimmigrant students and exchange visitors in the United States. Termination of their SEVIS records results in irreparable harm and causes a nationwide impact, as the affected students are required to leave the country immediately. They have to abruptly suspend their studies, end housing arrangements or leases, lose employment authorization, face virtually insurmountable bars when re-entering the U.S. if they depart, and if they have any dependents, their dependents' status is also terminated.

Without notice, explanation, or any form of due process, ICE terminated the student status of individuals who have done nothing more than maintaining academic standing and complying with their visa requirements.   Some of the affected students were arrested but never charged or convicted of any offense; others received only minor traffic citations years ago. Many have no record whatsoever. These terminations have occurred without any consistent rationale or legal justification and are entirely arbitrary, violating the most basic principles of fairness and due process.

Plaintiff Tong He is a highly accomplished international student who has lawfully pursued an advanced degree in the United States under F-1 student status.  In April 2025, ICE abruptly and unlawfully terminated his SEVIS record, despite his full compliance with immigration regulations, clean academic record, and no prior legal issues.  This termination was issued without notice, hearing, or legal justification, in violation of the Administrative Procedure

24   Act ("APA"), the Fifth Amendment to the U.S. Constitution, and longstanding agency policy.

25        The urgency of this action is reinforced by a recent decision in a closely related case, Liu

26   v. DHS, No. 1:25-cv-00133-LM (D.N.H. Apr. 7, 2025), where the U.S. District Court for the

27   District of New Hampshire granted a Temporary Restraining Order enjoining DHS from enforcing

28    a SEVIS termination against a doctoral student at Dartmouth College. The plaintiff in that case,

29   like the Plaintiffs here, had no criminal record, maintained full compliance with academic and

30   immigration regulations, and received no prior notice before his SEVIS record was abruptly

31   terminated. The court found that such conduct likely violated both the Due Process Clause and the

32   Administrative Procedure Act, emphasizing that visa revocation does not provide a lawful basis

33   for SEVIS termination under 8 C.F.R. § 214.1(d). This ruling illustrates the widespread and

34   unlawful nature of ICE's actions and supports the need for immediate, system-wide judicial relief.

35        This lawsuit seeks declaratory and injunctive relief to halt this unlawful termination of

36   Tong He's SEVIS record, restore his legal status, and prevent further irreparable harm to his

37   educational trajectory, professional future, and immigration standing.  Plaintiff challenges ICE's

38   actions under the APA for being arbitrary, capricious, and contrary to law, and asserts that the lack

39   of due process violates his constitutional rights under the Fifth Amendment and the Equal

40   Protection Clause. At issue in this case is whether DHS and ICE may unilaterally strip students of

41   lawful status through SEVIS without legal authority, in defiance of regulatory limits set forth in 8

42   C.F.R. § 214.1(d), and without affording any procedural safeguards.

43                    II. JURISDICTION AND VENUE

44        This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b), and the

45   Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. Venue lies in this District under 28 U.S.C.

46    § 1391(e), as Plaintiff Tong He resides in, and the actions complained of occurred in this District.

47

48                                                    III. PARTIES

49         Plaintiff Tong He is a student studying for a master's degree in information studies at

50    Trine University. His study focuses on data science and its applications.  Tong He seeks to

51    challenge the unlawful termination of his SEVIS record by the Department of Homeland Security,

52    which has jeopardized his education, his ability to support his family, and his future professional

53    opportunities in the United States.

54         Defendant Kristi Noem is the Secretary of the Department of Homeland Security and has

55    authority over ICE and the Student and Exchange Visitor Program ("SEVP"). She is sued in her

56    official capacity.

57         Defendant Todd Lyons is the Acting Director of ICE, responsible for SEVP. He is sued

58    in his official capacity.

59

60                                           IV. LEGAL FRAMEWORK

61         Under 8 U.S.C. § 1101(a)(15)(F)(i), noncitizens may enter and remain in the

62    United States in F-1 student status to pursue full-time study. The SEVIS system, managed by

63    DHS and ICE through SEVP, is used to track these students.

64         F-1 student status is distinct from the F-1 visa. A visa governs entry to the United

65    States: SEVIS status governs presence and eligibility to study while in the U.S. Once admitted in

66    F-1 status, students are allowed to remain in the country as long as they maintain compliance

67    with 8 C.F.R. § 214.2(f), including authorized employment, and proper academic standing.

68         DHS regulations provide only limited grounds under 8 C.F.R. § 214.1(d) for

69    agency-initiated termination of status: (1) revocation of a waiver under INA § 212(d)(3) or (4);

70    (2) the introduction of a private bill in Congress to confer lawful permanent residence; or (3)

71    publication in the Federal Register of a finding that the termination is based on national security,

72    diplomatic, or public safety reasons.

73        ICE's own guidance (Policy Guidance 1004-04) clearly states that visa revocation

74    alone does not justify SEVIS termination. If a visa is revoked after entry, a student may continue

75    their program of study and must simply obtain a new visa prior to re-entry after travel.

76        Plaintiffs bring this action under the APA and the Declaratory Judgment Act to

77    challenge ICE's illegal termination of his SEVIS records.

78                                V. FACTUAL ALLEGATIONS

79        Noncitizens may enter the United States on an F-1 student visa to pursue the

80    study at DHS-approved academic institutions. Once admitted, they are granted F-1 student

81    status, which allows them to remain in the U.S. for the duration of their program, provided they

82    comply with federal regulations under 8 C.F.R. § 214.2(f), including maintaining a full course of

83    study and avoiding unauthorized employment.

84        The SEVP administers the F-1 program through SEVIS, a centralized electronic

85    system that tracks F-1 students. Schools must be SEVP-certified and assign Designated School

86    Officials ("DSOs") who oversee compliance and report status changes in SEVIS.

87        F-1 students may engage in limited employment through Curricular Practical

88    Training or Optional Practical Training ("OPT"), both governed by regulation. Upon completing

89    their studies and training, students have a grace period to depart or transfer.

90        F-1 status may be lost in two ways: (1) by failing to comply with student visa

91    conditions (e.g., unauthorized employment), or (2) by agency-initiated termination. The latter is

92    governed strictly by 8 C.F.R. § 214.1(d), which limits such terminations to specific cases

93    involving national security or Congressional action. DHS policy affirms that visa revocation

94    alone does not justify SEVIS termination. Students may continue their studies after visa

95    revocation and need only obtain a new visa before traveling abroad and returning.

96              Students who fall out of status may apply for reinstatement under 8 C.F.R.

97    §214.2(f)(16), subject to strict conditions. However, SEVIS terminations carry immediate

98    consequences and are not reviewable by immigration judges, making lawful SEVIS management

99    critical to safeguarding students' rights and status. Once a SEVIS record is terminated, the

100   student is deemed to be out of status and must depart the United States immediately. Failure to

101   do so triggers the accrual of "unlawful presence" under immigration law, which can result in

102   multi-year bars to reentry and severely affect the student's ability to lawfully return to the United

103   States in the future. Because these consequences are immediate and irrevocable, and because

104   SEVIS terminations are not subject to review by an immigration judge, lawful and consistent

105   administration of SEVIS is essential to preserving due process and students' legal rights.

106           In early April 2025, ICE began a sweeping and unexplained pattern of terminating

107   the SEVIS records of international students without notice, justification, or individualized

108   process. These terminations have affected hundreds if not thousands of students nationwide,

109   regardless of whether they had any adverse immigration or criminal history. University officials

110   were similarly left in the dark, reporting a surge in unexpected SEVIS terminations without any

111   prior warning from DHS or ICE. The scope and speed of this operation have created widespread

112   panic among students, many of whom remain in the United States unaware that their legal status

113   has been silently stripped from them.

114    Plaintiff Tong He has been a student at Trine University since August 2023, pursuing a

115    master's  degree in information studies. He has maintained a GPA of 3.929. He has no criminal

116    convictions and only one case that was dismissed in 2017.On or about April 11, 2025, Mr. He

117    discovered that his SEVIS record had been terminated, as stated in an email from the

118    Nonimmigrant Visa Section of the United States Consulate General in Krakow, Poland.

119    Tong He has not received any communication from DHS or ICE regarding the termination, and

120    Trine University has been unable to obtain any information about the reason for the termination.

121    As a result of the SEVIS termination, Mr. He is now considered out of status and must leave the

122    United States immediately. Additionally, if he leaves the country, he may face significant barriers

123    to re-entry due to the accrual of unlawful presence. Tong He has invested substantial resources

124    into his education in the United States. The abrupt termination of his SEVIS record has caused

125    him immense stress and uncertainty about his future.

126                                    VI.    CLAIMS FOR RELIEF

127                                        FIRST CLAIM FOR RELIEF

128            (Administrative Procedure Act – Arbitrary and Capricious Agency Action)

129            Plaintiffs reallege and hereby incorporate by reference the allegations contained in

130    the preceding paragraphs of this Complaint. Defendants' termination of Plaintiffs' SEVIS

131    records constitutes final agency action reviewable under the Administrative Procedure Act, 5

132    U.S.C. §§ 701–706. The terminations were arbitrary, capricious, and otherwise not in accordance

133    with law. Specifically, Defendants failed to provide individualized notice, failed to consider

134     relevant facts, and based their actions on impermissible grounds, including visa revocation,

135    which is not a lawful basis for SEVIS termination under 8 C.F.R. § 214.1(d). Defendants' actions

136  lack any rational connection between the facts and the decision to terminate Plaintiffs' SEVIS

137   records. The terminations were issued without individualized review, factual findings, or

138  explanation—hallmarks of arbitrary and capricious agency action. Plaintiffs were not provided

139  with any opportunity to respond, clarify their records, or correct misinformation. In some cases,

140  SEVIS records were terminated despite students having clean records or arrests that resulted in

141  dismissals and full expungement. DHS regulations do not permit such blanket terminations based

142  on speculative or irrelevant factors.

143        Furthermore, Defendants have acted inconsistently with long-standing agency

144  guidance, including ICE Policy Guidance 1004-04, which confirms that visa revocation alone

145  does not justify SEVIS termination. By failing to apply their own rules and precedents, and by

146  acting without reasoned explanation or evidentiary support, Defendants have violated the APA's

147  requirement that agency action be reasoned, consistent, and grounded in law. Plaintiffs are

148  entitled to relief under 5 U.S.C. § 706(2)(A), which requires this Court to set aside unlawful and

149  arbitrary agency action.

150                SECOND CLAIM FOR RELIEF

151            (Administrative Procedure Act – Contrary to Constitutional Right)

152        Plaintiffs reallege and hereby incorporate by reference the allegations contained in

153  the preceding paragraphs of this Complaint.

154        By terminating Plaintiffs' SEVIS status without due process—without providing

155  notice, explanation, or a meaningful opportunity to respond—Defendants violated Plaintiffs'

156  constitutional rights.

157        Such action is unlawful under 5 U.S.C. § 706(2)(B).

158        The Due Process Clause of the Fifth Amendment prohibits the federal government from

159  depriving individuals of life, liberty, or property without due process of law. Plaintiffs' lawful F-1

160  student status, once granted, constitutes both a liberty and property interest protected under the

161  Constitution. It allows them to reside legally in the United States, engage in education

162  and in some cases, work under authorized training programs. The abrupt termination of that

163  status—without any notice or opportunity to be heard—violated the procedural safeguards to

164  which Plaintiffs are entitled.

165       Defendants' failure to provide even the most basic procedural protections before

166  stripping Plaintiffs of their lawful presence in the United States renders their actions contrary to

167  constitutional right and in violation of 5 U.S.C. § 706(2)(B). Plaintiffs were given no opportunity

168  to contest or clarify the basis for termination, were not served with a statement of reasons, and

169  received no meaningful review. Agency actions that deprive individuals of constitutionally

170  protected interests without affording due process are not only unlawful—they are void.

171                    THIRD CLAIM FOR RELIEF III

172            (Fifth Amendment – Procedural Due Process Violation)

173       Plaintiffs reallege and hereby incorporate by reference the allegations contained in

174  the preceding paragraphs of this Complaint.

175       Plaintiffs have a constitutionally protected interest in their F-1 student status and

176  SEVIS records. Defendants' failure to provide any process prior to the deprivation of this

177  interest—no notice, no hearing, no opportunity to rebut—violated the Due Process Clause of the

178  Fifth Amendment.

179       The Supreme Court has long held that due process requires, at a minimum, notice

180  and an opportunity to be heard before the government may deprive a person of a significant

181  liberty or property interest. Plaintiffs' lawful F-1 student status is such an interest: it governs

182  their ability to reside in the United States, pursue academic goals, maintain employment

183  authorization, and avoid accrual of unlawful presence. The sudden termination of their SEVIS

184  records, without any prior warning or individualized assessment, deprived them of that interest

185  without affording even the most basic procedural protection.

186      Defendants have provided no procedures—formal or informal—by which

187  Plaintiffs could challenge or appeal their SEVIS terminations. Plaintiffs were not told why they

188  were targeted, what evidence formed the basis of the termination, or how they might respond.

189  For many, the first notice of any issue came not from ICE or DHS, but from their universities

190  after the termination had already taken place. Such actions violate not only the letter of due

191  process law, but its core purpose: to guard against arbitrary government action and ensure

192  fairness in decisions that affect a person's fundamental rights.

193                          FOURTH CLAIM FOR ELIEF

194              (Violation of the Equal Protection Clause of the Fifth Amendment)

195      Plaintiffs reallege and hereby incorporate by reference the allegations contained in

196  the preceding paragraphs of this Complaint.

197      The Fifth Amendment to the United States Constitution prohibits the federal

198  government from denying individuals equal protection of the laws. Although the Fifth

199  Amendment does not contain an equal protection clause in name, the Supreme Court has held

200  that its Due Process Clause incorporates the same protections against the federal government as

201  the Fourteenth Amendment provides against the states.

202      Defendants, acting under the color of federal law, have unlawfully discriminated

203  against Plaintiffs based on alienage, national origin, and/or race by arbitrarily terminating the

204  SEVIS records and lawful status of F-1 international students, most of whom are from China.

205  This pattern of targeting disproportionately affects students of Chinese nationality, despite the

206  absence of any individualized security threat, criminal conviction, or regulatory noncompliance.

207       The terminations appear to have been issued as part of a blanket enforcement

208  action, conducted without legal process, individualized review, or stated rationale. Many

209  students had no adverse record whatsoever; others had only minor incidents, such as dismissed

210  arrests or traffic violations, none of which legally justify termination under DHS's own

211  regulations. Yet ICE has treated them all alike, revoking their status while allowing similarly

212  situated students of other national origins to remain unaffected.

213       Defendants' actions constitute intentional or at minimum disparate-impact

214  discrimination based on alienage and national origin in violation of Plaintiffs' equal protection

215  rights under the Fifth Amendment. These terminations, and the policy or practice underlying

216  them, are not narrowly tailored to serve any compelling governmental interest, and they operate

217  in a manner that is overbroad, unsupported by evidence, and discriminatory in effect.

218       As a direct result of Defendants' discriminatory conduct, Plaintiffs have suffered

219  the loss of their lawful immigration status, risk of removal, forfeiture of educational and career

220  opportunities, reputational harm, emotional distress, and other irreparable injuries.

221

222                              PRAYER FOR RELIEF

223       WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

224       Declaring that the termination of SEVIS status for Plaintiff and all similarly

225  situated F-1 visa holders—who have not been convicted of any criminal offense, have

226  maintained academic standing, and are otherwise in compliance with the terms of their visa—

227  was unlawful, and that their SEVIS records and F-1 status shall be restored immediately;

228      Preliminarily and permanently enjoining Defendants from further SEVIS terminations without lawful process;

229      Awarding costs and attorneys' fees pursuant to the Equal Access to Justice Act,

230   28 U.S.C. § 2412(b);

231       Granting such other and further relief as the Court deems just and proper.

Dated:  April 19, 2025                                                  Respectfully submitted,

/s/

Tong He, Pro Se
6113 9th St NE Tacoma WA 98422

4082013045
hetong1900@gmail.com