UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| He,<br><br>  Plaintiff,<br>  v.<br><br>Noem et al,<br><br>  Defendant. | CASE NO. 3-25-cv-05333-DGE<br><br>ORDER DENYING EX PARTE TRO (DKT. NO. 7) |

The Court received Plaintiff's renewed emergency motion for an ex parte TRO.  (Dkt. No. 7.)  The Court understands Plaintiff's confusion and legitimate fear caused by the termination of his SEVIS record.  Indeed, the Court is aware that numerous courts around the country, including this Court, have found similar SEVIS terminations to likely be unlawful. *See e.g., Liu v. Noem*, 1:25-cv-00133-SE-TSM (D.N.H. April 10, 2025); *Roe v. Noem*, No. CV 25-40-BU-DLC, 2025 WL 1114694 (D. Mont. Apr. 15, 2025); *Doe v. Noem, et al.*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977 (E.D. Cal. Apr. 17, 2025); *Doe v. Noem*, No. 2:25-CV-00633-DGE, 2025 WL 1141279 (W.D. Wash. Apr. 17, 2025).  But the Court is not aware of any

of these orders being issued on an ex parte basis, and does not believe that standard is satisfied here.[1]

As noted by the Court (Dkt. No. 4), the standard for an ex parte TRO under Federal Rule of Civil Procedure 65(b) is very high.  The rule allows an ex parte order <u>only if</u>:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; <u>and</u>
>
> **(B)** the movant's attorney [or the movant if pro se] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (emphasis added).  Courts have found that an ex parte TRO is "only appropriate where: (1) notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing, or (2) notice would render further prosecution of the action fruitless." *Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. SACV160969DOCJEMX, 2016 WL 9110163, at *2 (C.D. Cal. May 31, 2016).  These requirements are in place because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (same).

---

[1] Plaintiff cited an ex parte order in his motion, *Chen et al v. Noem*, 3:25-cv-03292-SI (N.D. Cal. April 18, 2025).  The *Chen* court treated the order as an "ex parte" order because the Government did not file an opposition brief, but that is not truly an ex parte order, since the Government did have <u>notice</u> of the action.  *See id.*, Dkt. No. 18 at 7 ("The government has been provided notice of plaintiffs' motion but has not yet submitted its opposition.  Accordingly, the Court considers this order to be a ruling on an emergency ex parte application for a temporary restraining order.")

ORDER DENYING EX PARTE TRO (DKT. NO. 7) - 2

      While Plaintiff's situation is clearly urgent, the Court does not believe that the requirements for an ex parte order are satisfied. Plaintiff states that he faces immediate, irreparable harm, and that the Government terminated his SEVIS record with no notice. (Dkt. No. 7 at 9–10.) However, Plaintiff also states that he learned of the SEVIS termination on April 11, 2025, more than a week ago. (Dkt. No. 7 at 2.) Plaintiff still has not explained any efforts he has made to serve Defendants. (Dkt. No. 4 at 2.) Here, the identity of the adverse party is known and may be served through the United States Attorney's Office for the Western District of Washington. Fed. R. Civ. P. 4(i). The Court believes that the U.S. Attorney can be served in time for a hearing. It may not be possible to serve the U.S. Attorney today, Sunday April 20, 2025, but it will be possible to serve Defendants during the U.S. Attorney's business hours, which are less than 24 hours from right now.[2] Plaintiff states that he fears imminent detention and removal (*see* Dkt. No. 7 at 5), but Plaintiff cannot be removed from the United States until he is served a Notice to Appear at a removal hearing, *see* 8 C.F.R. §§ 1003.13; 1003.14,[3] which Plaintiff has not stated has occurred.[4] In short, the circumstances are urgent, but do not establish that Plaintiff will be unable to pursue his case if the Court does not act before Defendants are served.

---

[2] United States Attorney for the Western District of Washington, Contact Us (last visited April 20, 2025), https://www.justice.gov/usao-wdwa/contact-us.

[3] *See* United States Dep't of Justice, Commencement of Removal Proceedings (last visited April 20, 2025), https://www.justice.gov/eoir/reference-materials/ic/chapter-4/2

[4] The Government has taken the position in other, similar cases that a student with a terminated SEVIS record is not out of F-1 status. *Hinge v. Lyons*, No. CV 25-1097 (RBW), 2025 WL 1134966, at *4 (D.D.C. Apr. 15, 2025). That position may ultimately be incorrect, but it underscores the need to have the Government appear on this case and state a position so the Court can assess how imminent or irreparable are the harms that Plaintiff faces.

The Court will schedule a TRO hearing immediately upon learning that service is complete upon Defendants, including service of Plaintiff's motion for TRO. At this point, the summons has been issued (Dkt. No. 6), but Plaintiff still needs to serve a copy of the summons and complaint (and the motion for TRO) on Defendants. The Federal Rules of Civil Procedure identify how a summons is issued and how a Plaintiff may accomplish service. *See* Fed. R. Civ. P. 4(b); 4(c). Plaintiff will then need to file a certificate of service on the docket, which confirms that the service (including of the motion for TRO) has been made, so that the Court can schedule a hearing. *See* Local Civ. R. 65(b).

## I    CONCLUSION

For these reasons, Plaintiff's renewed motion for an ex parte TRO (Dkt. No. 7) is DENIED. However, Plaintiff's initial motion for a TRO (Dkt. No. 2) remains pending.

Dated this 20th day of April, 2025.

David G. Estudillo
United States District Judge