The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONG HE,<br><br>                Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement,<br><br>                Defendants. | Case No. 3:25-cv-05333-DGE<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>NOTED FOR CONSIDERATION:<br>April 24, 2025<br><br>ORAL ARGUMENT SET FOR:<br>April 24, 2025 at 4:00 p.m. |

Defendants Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement, oppose the application for Temporary Restraining Order filed by Plaintiff Tong He.

Mr. He, a Chinese national in the United States on a F-1 student visa, alleges that his record in the Department of Homeland Security's Student Exchange Visitor Information System ("SEVIS") database was wrongfully terminated. He seeks a Temporary Restraining Order

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  ("TRO") from this Court: (1) enjoining Defendants from terminating Plaintiff's SEVIS records
2  and (2) requiring Defendants to immediately restore his F-1 status. *See* Dkt. 2, pg. 2.

3  To the extent that He asks this Court to restore his record in SEVIS to active, the relief He
4  seeks is not a prohibitory injunction to maintain the status quo. Instead, he seeks a mandatory
5  injunction compelling Defendants to reverse the termination of his SEVIS record. He cannot meet
6  the heightened burden to show that such an injunction is required. Moreover, He seeks, through
7  the extraordinary remedy of a TRO, the final relief outlined in his complaint. *See* Dkt. 1, pgs. 7-
8  11. In other words, He seeks a final judgment on the merits of his complaint on an expedited TRO
9  application. That alone is grounds for denial.

10  Furthermore, He has failed to demonstrate that he will be irreparably harmed if he does not
11  receive emergency relief before the parties can fully brief the merits of the issues. He also has not
12  shown that the balance of equities tips in his favor or that granting a mandatory injunction would
13  serve the public interest. The enforcement of U.S. immigration laws is the prerogative of the
14  Executive Branch. For these reasons, He's motion for a TRO should be denied.

## FACTS

### A. F-1 Status

17  Nonimmigrant classifications convey permission for a foreign national to enter the United
18  States temporarily for a specific purpose. *See e.g.,* 8 U.S.C. § 1101(a)(15). The F-1 nonimmigrant
19  classification allows foreign national to obtain permission to enter and remain in the United States
20  to pursue a full course of study at an approved school or educational program. *See* 8 U.S.C. §
21  1101(a)(15)(F)(i). DHS administers the F-1 Student Visa Program.

22  To qualify for an F-1 nonimmigrant visa, a foreign national is required to (1) apply and
23  gain admission to an approved U.S. educational institution; (2) obtain a "Certificate of Eligibility
24  for Nonimmigrant (F-1) Student Status -- For Academic and Language Students" (commonly

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

referred to as a "Form I-20"); and (3) obtain a visa from the U.S. Embassy or Consulate where he resides. *Gao v. U.S. Dep't of Homeland Sec.*, No. 221CV03253CBMGJSX, 2022 WL 2903126, at *2 (C.D. Cal. June 15, 2022). The Form I-20 is issued by the approved U.S. education institution, not by DHS. 8 C.F.R. §214.2(f)(1)(ii).

To maintain F-1 status, a nonimmigrant student must "pursue a full course of study" or "engage in authorized practical training." 8 C.F.R. § 214.2(f)(5)(i). Practical training must be "directly related to [a student's] major area of study" in order to qualify as authorized training. 8 C.F.R. § 214.2(f)(10). Accordingly, without an underlying program of study, there is no way for a student to maintain his F-1 status.

While a nonimmigrant must maintain his course of study to maintain his F-1 status, he is not required to maintain the visa he obtained to enter the United States. Instead, F-1 visa-holders are admitted for their "duration of status"—meaning the student is authorized to stay in the United States while she or he is pursuing a full course of study at an educational institution approved for attendance by foreign students or engaging in authorized practical training following completion of studies. *See* 8 C.F.R. § 214.2(f)(5). This is true even if the student's visa expires while the student is in F-1 status. 8 C.F.R. §214.2(f)(5)(i). A student who completes his course of study and any authorized training that follows may change to a different nonimmigrant status; otherwise legally extend their period of authorized stay in the United States; or leave the United States. *See* 8 C.F.R. § 214.2(f)(5)(iv).

An F-1 student who completes his course of study and any authorized training that follows may change to a different nonimmigrant status; otherwise legally extend their period of authorized stay in the United States; or leave the United States. *See* 8 C.F.R. § 214.2(f)(5)(iv). F-1 students who complete their course of study and any practical training that follows are allowed 60 days

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

after the completion of such to prepare for departure from the United States. *See id*. But F-1 students who fail to maintain status are not afforded a period for departure. *Id*.

**B.     The SEVIS system**

ICE maintains the SEVIS database. SEVIS is a web-based system used to maintain information on nonimmigrant students and exchange visitors in the United States. *See* U.S. Immigration and Customs Enforcement, SEVP Overview, https://www.ice.gov/sevis (last visited April 14, 2025). Each F-1 student has an individualized SEVIS record that is updated by Designated School Officials (DSOs) with biographical information relating to the student's lawful status, including name, date and place of birth, nationality, current residential address, current academic status, date of commencement and termination of studies, degree program and field of study, and any authorizations for practical training. *See, e.g.*, *Young Dong Kim v. Holder,* 737 F.3d 1181, 1182 n.2 (7th Cir. 2013) (school officials "must have an office at the school[,] be accessible to the F ... students," and "must update and maintain student records in ... SEVIS") (citing 8 C.F.R. § 214.3(*l*)).

When a nonimmigrant student fails to comply with the requirements to maintain F-1 status, ICE can terminate his SEVIS record. *See* Department of Homeland Security, Study in the States – SEVIS Help Hub Termination Reasons, https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (Last visited April 14, 2025).

An I-20 Form is issued by a SEVP-certified university and remains valid for the duration of a student's program, provided the student maintains F-1 status. 8 C.F.R. § 214.1(a)(3), 214.3(g); *see also* Department of Homeland Security, Study in the States - DSOS and the Form I-20, https://studyinthestates.dhs.gov/schools/report/dsos-and-the-form-i-20 (Last visited April 14, 2025).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**C.    Tong He's allegations**

According to Plaintiff's filings in this case, Tong He is a Chinese national who applied for and received F-1 student nonimmigrant status under 8 U.S.C. § 1101(a)(15)(f)(1) and also received a visa from the State Department. Dkt. 1 (Compl), pg 7. He appears to have been admitted to the United States in 2023 to attend a master's program at the Trine University. *Id.* He alleges that he was notified by Trine University that his SEVIS records had been terminated on or about April 11, 2025. Compl., pg. 7; Dkt. 11-2, pg. 1. He believes that his SEVIS termination may be related to an arrest in Texas for "[e]vading in a motor vehicle." Dkt. 11-6, pg. 1. He states the charges were dismissed on September 25, 2017. *Id.* In Texas, evading in a motor vehicle is a Class A misdemeanor, which carries a punishment range of up to one year. *See* Tex. Penal Code § 38.04; Tex. Penal Code § 12.21; 8 C.F.R. 214.1(g).

## STANDARD OF REVIEW

The standard for issuing a TRO is substantially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A district court should enter a preliminary injunction only "upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it is likely to succeed on the merits of its claims; (2) that it is likely to suffer an irreparable injury in the absence of injunctive relief; (3) that the balance of equities tips in its favor; and (4) that the proposed injunction is in the public interest. *Id*. at 20. These factors are mandatory. As the Supreme Court has made clear, "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but is instead an exercise of judicial discretion that

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

depends on the particular circumstances of the case. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Because He seeks a mandatory injunction, the already high standard for granting a TRO is "doubly demanding." *Garcia v. Google, Inc.* 786 F.3d 733, 740 (9th Cir. 2015). Under *Garcia*, He must establish that the law and facts *clearly favor* his position, not simply that he is likely to succeed. *Id*. Further, a mandatory preliminary injunction will not issue unless extreme or very serious damage will otherwise result. *Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022).

## ARGUMENT

### A. He Seeks a Judgment on the Merits via an Emergency Application

By his application, He is not only seeking to preserve the status quo on a temporary basis. Instead, He seeks to to require Defendants to enjoin termination of his SEVIS record—essentially requesting this Court restore his SEVIS records to active. Dkt. 2 at 5. Because He seeks emergency restoration of a record that has already been marked as terminated, He seeks an order compelling the Defendants to change the status quo and provide him the ultimate relief he seeks in this litigation. As a matter of law, He is not entitled to what amounts to a judgment on the merits at this preliminary stage. *See Mendez v. U.S. Immigration and Customs Enforcement*, 2023 WL 2604585 at * 3 (N.D. Cal. Mar. 15, 2023) (quoting *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) for the proposition that "judgment on the merits in the guise of preliminary relief is a highly inappropriate relief.").

### B. He Cannot Establish the Requirements for an Injunction

#### i. No irreparable injury

He cannot carry his burden to show that irreparable harm will result in the absence of this extraordinary relief. To satisfy this factor, He must demonstrate "a particularized, irreparable harm beyond mere removal." *Nken v. Holder*, 556 U.S. 418, 438 (2009) (Kennedy, J., concurring).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Notably, a "possibility" of irreparable harm is insufficient; irreparable harm must be likely absent an injunction. *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

He has not shown the sort of immediate harm that justifies the extraordinary remedy of a TRO. He claims that termination of his SEVIS record will cause him to lose his "educational investment," but does not plead with any particularity what that would entail. He fails to offer even his own assertions that the credits he has earned at Trine University will be lost or invalidated or that the credits he has earned at Trine University cannot be transferred to another institution.

### ii.     No likelihood of success on the merits

He cannot prevail on his allegation that his due process rights were violated because he should have been given notice and an opportunity to be heard before DHS terminated their SEVIS records. *See* Dkt. 1, pgs. 9-11; Dkt. 2, pg. 4. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Doe 1 v. U.S. Dep't of Homeland Sec.*, No. 220CV09654VAPAGRX, 2020 WL 6826200, at *4 (C.D. Cal. Nov. 20, 2020) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)). He has not cited any law showing that he has a protected interest in his SEVIS records. At least one District Court in this circuit has cast doubt on the idea that a protected interest exists in SEVIS records. *Id.*, 2020 WL 6826200, at n.3 ("Although Plaintiffs do not allege in the Complaint or Motion a property interest in their SEVIS status, it is equally unlikely that one exists."). And at least two courts have held that a property interest does not exist in SEVIS status. *See Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18CV00189, 2018 WL 5018487, at *6 (W.D. Va. Oct. 16, 2018) (holding that plaintiff did not have a property interest in his SEVIS status that would implicate due process); *Bakhtiari v. Beyer*, No. 4:06-CV-01489 (CEJ), 2008 WL 3200820, at *3 (E.D. Mo. Aug. 6, 2008) (holding that SEVIS regulations and their

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

enabling legislation do not indicate a congressional intent to confer a benefit on nonimmigrant students).

Defendants do not concede that He has demonstrated a likelihood of success on the merits on his APA claims. But defending the APA claim on an emergency schedule without an administrative record requires gathering factual information from different component agencies of DHS and from the Department of State, and Defendants have not completed those efforts in time to respond to He's motion. This Court should deny He's motion even in the absence of this factual information related to the APA claim on the ground that He has failed to show the type of irreparable harm required for a TRO.

### iii. Public interest factors

Lastly, the balance of equities and the public interest factors do not weigh in He's favor. Even where the government is the opposing party, courts "cannot simply assume that ordinarily, the balance of hardships will weigh heavily in the applicant's favor." *Nken*, 556 U.S. at 436 (citation and internal quotation marks omitted). Here, the public interest weighs in favor of denying the application. "Control over immigration is a sovereign prerogative." *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 750 (9th Cir. 1992). The public interest lies in the Executive's ability to enforce U.S. immigration laws.

### iv. Bond requirement under Rule 65(c)

Finally, if the Court decides to grant relief, it should order a bond pursuant to Fed. R. Civ. P. 65(c), which states "The court may issue a preliminary injunction or a temporary restraining order ***only if the movant gives security*** in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 8

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Fed. R. Civ. P. 65(c) (emphasis added). Accordingly, He should be required to pay a bond in an amount the Court determines to be appropriate.

## CONCLUSION

For all the above reasons, Defendants requests that the application for TRO be denied.

DATED this 23rd day of April, 2025.

      Respectfully submitted,

      TEAL LUTHY MILLER
      Acting United States Attorney

      *s/ Whitney Passmore*
      WHITNEY PASSMORE, FL No. 91922
      Assistant United States Attorney
      United States Attorney's Office
      Western District of Washington
      700 Stewart Street, Suite 5220
      Seattle, Washington  98101-1271
      Phone:  206-553-7970
      Fax:     206-553-4067
      Email:  whitney.passmore@usdoj.gov

      *Attorneys for Defendants*

      I certify that this memorandum contains 2,393 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
[Case No. 3:25-cv-05333-DGE] - 9

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970