UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONG HE, | CASE NO. 3:25-cv-05333-DGE |
| Plaintiff(s), | |
| v. | |
| KRISTI NOEM, Secretary of the Department of Homeland Security; | |
| TODD LYONS, Acting Director of Immigration and Customs Enforcement;, | |
| Defendant(s). | |

Tong He   6113 9th St NE Tacoma WA 98422, Phone: 4082013045

Plaintiff Tong He, appearing pro se

Plaintiff's Brief in Support of Motion for Preliminary Injunction

Plaintiff Tong He, a pro se F-1 international student, respectfully moves this Court for a preliminary injunction to restore his Student and Exchange Visitor Information System (SEVIS) record to active F-1 status and enjoin Defendants—U.S. Department of Homeland Security (DHS) and U.S. Immigration and Customs Enforcement (ICE)—from enforcing the unlawful termination of his SEVIS record or taking adverse actions, such as detention or removal, pending resolution of this case. This motion is supported by violations of the Administrative Procedure Act (APA), Fifth Amendment due process and equal protection, and the irreparable harm Plaintiff faces, as recognized by this Court's granting of a Temporary Restraining Order (TRO) on April 24, 2025, and further outlined in the Amended Order Granting Motion for Temporary Restraining Order, dated April 25, 2025. Pursuant to the Court's Amended Order, which sets the briefing schedule for the preliminary injunction hearing on May 7, 2025, Plaintiff files this opening brief in support of his Motion for Preliminary Injunction. The preliminary injunction is necessary to prevent ongoing irreparable harm and maintain the status quo beyond the TRO's expiration on May 9, 2025, while this case proceeds to a final determination.

## Statement of Facts

Plaintiff is a master's degree student at Trine University, maintaining a 3.929 GPA and full compliance with F-1 visa requirements since August 2023. On April 9, 2025, Defendants terminated Plaintiff's SEVIS record without notice, explanation, or opportunity to respond. This termination violates DHS regulations (8 C.F.R. § 214.1(d)) and ICE Policy Guidance 1004-04, which prohibit SEVIS termination based solely on visa revocation. As a result, Plaintiff faces immediate and ongoing harms:

Unlawful Presence: Daily accrual under 8 U.S.C. § 1182(a)(9)(B), risking 3/10-year reentry bars.

Detention Risk: Potential ICE apprehension or removal as an out-of-status individual.

26    Academic Disruption: Inability to complete his degree, loss of credits, and revocation of
27    Curricular Practical Training (CPT) employment.

28    Emotional Distress: Significant stress and reputational harm. These facts are detailed in
29    Plaintiff's Declaration and supported by the Complaint.

30                                    Legal Standard

31    A preliminary injunction requires Plaintiff to show: (1) likelihood of success on the merits;
32    (2) irreparable harm absent relief; (3) balance of equities favoring Plaintiff; and (4) public interest
33    supporting the injunction (Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20
34    (2008)). Alternatively, in the Ninth Circuit, relief may be granted if Plaintiff raises "serious
35    questions going to the merits" and the balance of hardships tips sharply in his favor, provided
36    other factors are met (Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir.
37    2011)).

38                                       Argument

39                            A. Likelihood of Success on the Merits

40    Plaintiff is likely to succeed on his claims under the APA, Fifth Amendment due process,
41    and equal protection, bolstered by judicial findings and the defendants' failure to assure non-
42    recurrence of unlawful conduct.

43    APA Violations. The SEVIS termination was arbitrary, capricious, and contrary to law
44    under 5 U.S.C. § 706(2)(A). DHS regulations (8 C.F.R. § 214.1(d)) limit SEVIS terminations to
45    specific grounds, none of which apply to Plaintiff, who has no convictions and maintains
46    academic compliance. ICE Policy Guidance 1004-04 explicitly prohibits termination based solely
47    on visa revocation, yet Defendants cited "visa revoked" as the basis. Recent cases, including Jin v.
48    Noem (D.S.D. Apr. 10, 2025), Chen v. Noem (D.S.D. Apr. 11, 2025), and Liu v. Noem (D.N.H.

49  Apr. 7, 2025), have found similar terminations unlawful, reinforcing Plaintiff's
50  position. Compelling evidence demonstrates that SEVIS termination results in the loss of valid
51  F-1 nonimmigrant status. In Xiaotian Liu v. Noem (Case No. 1:25-cv-00133-SE-TSM), a USCIS
52  document dated April 19, 2025, explicitly states that SEVIS termination ends lawful
53  nonimmigrant status. This interpretation by USCIS, a DHS component, confirms the severe legal
54  consequences of Defendants' actions. This Court's Order Granting Motion for Temporary
55  Restraining Order (Dkt. No. 2), dated April 24, 2025, further supports this, noting that SEVIS
56  termination results in the loss of employment authorization and prevents schools from reporting
57  compliance, rendering students out-of-status (order at 15). These findings, combined with
58  USCIS's stance, establish that the termination was inconsistent with agency practices and
59  arbitrary, significantly strengthening Plaintiff's APA claim. Moreover, the voluntary cessation
60  doctrine precludes Defendants from arguing that the case is moot, even if they temporarily restore
61  Plaintiff's SEVIS record. Under Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,
62  528 U.S. 167, 189 (2000), Defendants bear the "heavy burden" of proving that the wrongful
63  behavior "could not reasonably be expected to recur." In John Doe v. Kristi Noem, et al. (No.
64  2:25-cv-00633-DGE), the plaintiff highlighted Defendants' failure to meet this burden, noting that
65  the April 2025 mass-terminations were based on an unwritten, evolving policy, and ICE retains
66  authority to terminate SEVIS records "for other reasons" at any time. The absence of a formal
67  policy change and Defendants' history of reinstating records only under court pressure (e.g., post-
68  TRO on April 17, 2025, in Doe v. Noem) suggest a high likelihood of recurrence, necessitating
69  injunctive relief to protect Plaintiff.
70         Due Process Violation. Plaintiff's F-1 status constitutes a protected liberty and property
71  interest (Landon v. Plasencia, 459 U.S. 21, 32-34 (1982)). The termination without notice or
72  opportunity to respond violates Fifth Amendment due process (Mathews v. Eldridge, 424 U.S.

319, 333 (1976)). Courts in Jin, Chen, and S.Y. v. Noem (D.S.D. Apr. 12, 2025) upheld this argument, finding that abrupt SEVIS terminations without process are unconstitutional. The lack of procedural safeguards in Plaintiff's case mirrors these precedents, enhancing his likelihood of success.

Equal Protection Violation. Defendants' pattern of targeting Chinese F-1 students suggests discriminatory enforcement, violating the Fifth Amendment's Equal Protection Clause (Bolling v. Sharpe, 347 U.S. 497, 499 (1954)). Chen v. Noem raised similar concerns, noting selective enforcement against specific nationalities. This discriminatory pattern raises serious questions sufficient for relief under the Ninth Circuit's alternative standard (Alliance for the Wild Rockies, 632 F.3d at 1134-35).

### B. Irreparable Harm

Plaintiff faces immediate and irreparable harm absent a preliminary injunction, as the SEVIS termination inflicts ongoing damages that cannot be remedied by monetary compensation. The following harms underscore the urgency of the May 7, 2025, hearing.

Accrual of Unlawful Presence. Since April 9, 2025, Plaintiff has been accruing unlawful presence under 8 U.S.C. § 1182(a)(9)(B), risking 3- or 10-year reentry bars. This permanent stain on his immigration record cannot be undone, constituting irreparable harm (Chen v. Noem, D.S.D. Apr. 11, 2025; Roe and Doe v. Noem, D.S.D. Apr. 10, 2025). Plaintiff's Declaration details his discovery of the termination via a consular email, with no administrative recourse, amplifying the harm's severity. This Court's TRO Order (Dkt. No. 2) recognized unlawful presence as a direct consequence of SEVIS termination, justifying immediate relief.

Risk of Detention or Removal. As an out-of-status individual, Plaintiff faces imminent risk of ICE apprehension, detention, or removal. This threat to liberty is a fundamental irreparable

harm (Jin v. Noem, D.S.D. Apr. 10, 2025; Liu v. Noem, D.N.H. Apr. 7, 2025). In S.Y. v. Noem (D.S.D. Apr. 12, 2025), the court granted a TRO based on similar risks, a precedent this Court echoed in its TRO Order (Dkt. No. 2), emphasizing the need to shield Plaintiff from enforcement actions.

Academic and Professional Disruption. The SEVIS termination has revoked Plaintiff's CPT employment and barred class registration at Trine University, jeopardizing his master's degree completion. Educational and professional disruptions are well-established irreparable harms for international students (Ariz. Dream Act Coal. v. Brewer, 757 F.3d 1053, 1068 (9th Cir. 2014)). Plaintiff's Declaration documents these impacts, and the TRO Order (Dkt. No. 2) acknowledged their severity, warranting injunctive relief.

Emotional and Reputational Harm. The abrupt termination has caused Plaintiff significant emotional distress and reputational damage, stigmatizing him as out-of-status despite his exemplary record. In the immigration context, such harms are recognized as irreparable (Liu v. Noem). The TRO Order (Dkt. No. 2) noted the broader impact of termination, supporting the need for relief to mitigate these effects.

### C. Balance of Equities

The balance of equities sharply favors Plaintiff. The catastrophic harms—loss of legal status, education, employment, and risk of deportation—far outweigh the minimal administrative burden on Defendants to restore Plaintiff's SEVIS record. Courts in Jin, Chen, and S.Y. v. Noem consistently found this balance favors plaintiffs. In Doe v. Noem, the plaintiff argued that preserving the status quo imposes no material burden on Defendants, while failure to act risks Plaintiff's academic and professional future and investments in education. Defendants' history of disregarding regulations (Doe v. Noem, citing mass visa cancellations and warrantless arrests) suggests that without an injunction, the risk of re-termination remains high (United States

v. Concentrated Phosphate Export Ass'n, Inc., 393 U.S. 199, 203 (1968)).

### D. Public Interest

Granting the injunction serves the public interest by ensuring agency compliance with the APA and constitutional protections, safeguarding the integrity of the F-1 program, and supporting U.S. universities and the economy (Liu v. Noem). The public also benefits from procedural regularity and the protection of federally funded research, as highlighted in Doe v. Noem. Judicial trends, as reported by the New York Times, indicate skepticism about the lawfulness of abrupt SEVIS terminations, reinforcing the public's stake in upholding lawful processes (U.S. Restores Legal Status for Many International Students).

### E. Scope and Necessity of the Preliminary Injunction

The preliminary injunction must encompass the TRO's relief (dated April 24, 2025, amended April 25, 2025) to prevent a lapse in protection upon the TRO's expiration on May 9, 2025. The Court should order:

Restoration of Plaintiff's SEVIS record to active F-1 status, absent lawful termination under 8 C.F.R. §§ 214.1(d), 214.2(f).

Enjoinment of Defendants from enforcing the unlawful SEVIS termination.

Prohibition of adverse actions, such as detention or removal, pending case resolution.

Waiver of any bond requirement, as the relief imposes no material burden on Defendants but is critical to Plaintiff (Doe v. Noem).

Necessity of the Preliminary Injunction Hearing. The May 7, 2025, hearing is indispensable to address the ongoing risk of re-termination, particularly given Defendants' potential mootness argument, as raised by attorney Whitney Passmore in Doe v. Noem (No. 2:25-cv-00633-DGE). Passmore's opposition in that case claimed the issue was moot due to temporary SEVIS restoration, but the plaintiff countered that Defendants' unwritten, evolving policy and lack

of formal reversal leave students vulnerable. Plaintiff anticipates a similar defense here, necessitating the hearing to evaluate Defendants' assurances against their history of arbitrary actions. The voluntary cessation doctrine (Friends of the Earth, 528 U.S. at 189) requires Defendants to prove non-recurrence, a burden they have not met, as evidenced by their equivocal statements and retention of termination authority (Doe v. Noem). Without the hearing, Plaintiff risks re-termination, which would strip his lawful status, halt his education, and expose him to enforcement actions. The hearing is critical to assess collateral consequences, such as barriers to future immigration benefits, which persist even if SEVIS is temporarily restored (MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). The Amended Order's scheduling of the hearing underscores its urgency, and Plaintiff's compliance with evidence requirements (Exhibit A) strengthens the case for relief.

Importance of Extending TRO in Related Cases. The necessity of extending interim relief is vividly illustrated in Rattanand Ratsantiboon v. Kristi Noem, et al. (No. 0:25-cv-01315-JMB-JFD) and Ziliang Jin v. Kristi Noem, et al. (No. 0:25-cv-01391-JMB-JFD), where Judge Jeffrey M. Bryan extended the TRO for 14 days in each case. In Rattanand Ratsantiboon (No. 0:25-cv-01315-JMB-JFD), the court extended the TRO on April 29, 2025, citing uncertainties surrounding ICE's new policy on SEVIS terminations, the unclear effects of this policy shift on plaintiffs with reinstated SEVIS records, and the potential impact on the plaintiff's ability to register for courses. The court required Defendants to maintain the plaintiff's SEVIS authorization as active retroactive to March 28, 2025, and prohibited further termination actions, with briefing ordered by May 8, 2025, to assess further extension needs. Similarly, in Ziliang Jin (No. 0:25-cv-01391-JMB-JFD), the court extended the TRO for 14 days on April 29, 2025, for identical reasons, ensuring the plaintiff's SEVIS record remained active retroactive to April 8, 2025, and enjoining adverse actions. These extensions underscore the critical need for continued protection amid evolving

169  immigration policies, preventing abrupt disruptions to students' legal status and academic
170  progress. The courts' actions in these cases highlight the risk of harm without extended interim
171  relief, reinforcing the urgency of Plaintiff's preliminary injunction to bridge the gap beyond the
172  TRO's expiration.

173                                              Conclusion

174         The Court should grant a preliminary injunction to restore Plaintiff's SEVIS record,
175  enjoin enforcement of the unlawful termination, and prohibit adverse actions pending case
176  resolution. The May 7, 2025, hearing is essential to counter Defendants' likely mootness defense,
177  as raised by Whitney Passmore in Doe v. Noem, and to ensure Plaintiff's protection beyond the
178  TRO's expiration. Plaintiff's strong likelihood of success, irreparable harms, and the public
179  interest in lawful governance justify this relief, consistent with this Court's prior findings and
180  recent judicial trends in cases like Rattanand Ratsantiboon and Ziliang Jin.

Dated:  May 1, 2025                                                        Respectfully submitted,

                                                                                    /s/ Tong He

                                                                                    Tong He, Pro Se
                                                                          6113 9th St NE Tacoma WA 98422

                                                                                       4082013045
                                                                              hetong1900@gmail.com