UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONG HE,<br><br>                    Plaintiff,<br><br>     v.<br><br>NOEM et al.,<br><br>                    Defendants. | CASE NO. 3-25-cv-05333-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 50) |

Before the Court is Defendants' motion to dismiss. (Dkt. No. 50.) Plaintiff's claims are now moot because Plaintiff has been granted the relief requested. The Court, therefore, DISMISSES the case.

**I     BACKGROUND**

Plaintiff Tong He is a Chinese national present in the United States on an F-1 student visa. (Dkt. No. 21 at 1.) On April 9, 2025, Plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") maintained by Immigration and Customs Enforcement ("ICE") was terminated and was no longer in active status. (Dkt. No. 11-2 at 1.) On April 19,

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 50) - 1

2025, Plaintiff filed this action against Defendants, requesting the Court restore his SEVIS record and F-1 status and enjoin Defendants from further SEVIS termination without lawful process.  (Dkt. No. 1 at 11–12.)  Plaintiff subsequently filed a motion for temporary restraining order.  (Dkt. No. 2.)

On April 25, 2025, the Court entered a temporary restraining order requiring ICE to restore Plaintiff's SEVIS record and to not detain nor initiate removal proceedings against him based on his terminated record.  (Dkt. No. 20 at 24.)  Plaintiff's SEVIS record was thereafter reactivated.  (*See* Dkt. No. 26-1.)

On May 2, 2025, Plaintiff filed a motion for a preliminary injunction.  (Dkt. No. 22.)  Defendants opposed the motion and argued no live controversy remained after Plaintiff's SEVIS record was restored.  (Dkt. No. 25.)  Defendants submitted a declaration from Andre Watson, senior official within the National Security Division for Homeland Security Investigations, which stated "ICE had no plans under its new SEVIS policy to re-terminate [Plaintiff's] SEVIS record based solely on [National Crime Information Center] record that let to its initial termination," and "ICE's reactivation of [Plaintiff's] SEVIS record is being made retroactive to the date of its initial termination such that there is no gap."  (Dkt. No. 29-1 at 3.)  Based on the declaration, the parties agreed a preliminary injunction was not necessary.  (Dkt. No. 31.)  The temporary restraining order expired on May 9, 2025.

Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing Plaintiff's action is moot because his SEVIS record has been reinstated.  (Dkt. No. 50.)  Plaintiff failed to file an opposition to the motion.

## II   LEGAL STANDARD

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. A complaint will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution; (2) there is no "case or controversy" within the meaning of that constitutional term; or (3) the cause is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III   DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

Defendants contend the instant action is now moot because Plaintiff's SEVIS record has been reinstated and will not be revoked on the challenged basis again. (Dkt. No. 50 at 6.) This is precisely the relief Plaintiff sought in his complaint. Because Plaintiff has been granted the relief he sought, the Court concludes it lacks subject matter jurisdiction.[1] This conclusion is supported by Plaintiff's failure to oppose the present motion. *See* LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

---

[1] As the Court determines it lacks jurisdiction, it does not reach Defendants' argument for dismissal pursuant to Rule 12(b)(6).

IV      CONCLUSION

Accordingly, Defendants' motion to dismiss (Dkt. No. 50) is GRANTED, and the case is DISMISSED. The Clerk of Court is directed to close the case.

Dated this 6th day of January, 2026.



David G. Estudillo
United States District Judge